(7)

HENRY L. HEYMANN

vs.

EDWARD L. MALONEY.

NO. 8767,

COURT OF APPEAL,

PARISH OF ORLEANS.

WILLIAM A. BELL, JUDGE:

January 9, 1923.

COURT OF APPEAL
PARISH OF ORLEANS
FILED 1/9/23.
H. J. Stansbury

8767

No 25824 - Supreme Ct - February 22 1923
Mr Justice Overton - "Writ refused because"
Mr ___ of Court of appeal correct -

92

*W. H. Bell, Judge*

Garnishment process having issued herein against The Board of Commissioners of the Port of New Orleans, otherwise known as the Dock Board, the said garnishee has filed exception to said proceeding on the ground that it is an agency of the State of Louisiana, and that garnishment process will not issue against the State.

Further answering by separate and later pleadings, the Dock Board reiterates the above exceptions and in answer to interrogatories, admits that its clerk, who is one of the codefendants in the suit under which this garnishment has issued, is an employee of the Board, and in whose favor the sum of $39.60 has accrued as salary due, but which salary is as yet unpaid; and that until said amount is paid same is moneys in the treasury of Board as property of the Board and therefore is not in any legal sense property of the said employee.

The Trial Court over ruling all exception herein filed by garnishee, issued an order from which this appeal is taken, wherein it was directed that the Board pay to the constable of the first City Court the sum of $39.60 or such amount thereof as would be necessary to satisfy the judgment rendered in said suit.

Under Act 70 of 1896 and the subsequent amendatory Acts, to wit: Act 36 of 1900, and Act 14 of 1915 the Board of Commissioners of the Port of New Orleans has been created as an agent of the State of Louisiana with all powers and rights as set forth in the aforesaid Acts of the Legislature, In all three of these Acts it is evident that the fund out of which all salaries of employees of the Dock Board whether they be classed Public Officials, or clerks, are to be paid from such fund or revenues as are created by the operations of said Board.

In this case the questions as to whether the clerk of the Dock Board whose salary has been garnished is a Public Official or whether Act 184 of 1918 can be now construed as permitting the salary of a Public Officer to be garnished, are not questions, which are pertinent to the matter before us for consideration. The reliance placed by plaintiff's counsel in the Act of 1918 and in the decision of this Court in the case of Heymann against Crocheron Lumber 8374, Orleans Court of Appeal, is of no avail, for the reason that the issue here involved is solely whether the fund under seizure is a fund belonging to the State or its functionary the seizure of which would be against public policy and would result in hindering the adminstration of the Dock Board in the performance of its contemplated duties.

We are of the opinion that the ruling of this Court made in the case of Phillip Reich vs. L. W. Englehardt, 12 Orleans App. 304, and the authorities of our Supreme Court therein cited is the law which must govern our ruling in the instant case.

It is therefore ordered adjudged and decreed that the judgment herein appealed from be and the same is hereby reversed and that there now be judgment in favor of the Board of Commissioners of the Port of New Orleans and against plaintiff Hy. L. Heymann setting aside the garnishment herein issued and releasing the seizure effected thereby at plaintiff's cost in both Courts.

JUDGMENT REVERSED.

January 9, 1923.